```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

```
IN RE MENTOR CORP. OBTAPE       *  MDL Docket No. 2004
                                   4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                   Case No.
LIABILITY LITIGATION            *  4:13-cv-135 (Bergin)
```

O R D E R

The Court previously granted Defendant Mentor Worldwide LLC's motion for summary judgment against Plaintiffs Ann Marie and Timothy Bergin because the Bergins' claims were time-barred under Texas law. *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, 4:08-md-2004, 2016 WL 1493534, at *4 (M.D. Ga. Apr. 14, 2016) [hereinafter *Bergin*]. The evidence viewed in the light most favorable to the Bergins established that Mrs. Bergin knew or should have known of a causal connection between Mentor's ObTape product and some of her injuries by 2006, when Mrs. Bergin's doctors told her that portions of her sling had to be removed to treat her symptoms and when Mrs. Bergin came to believe that her body was rejecting the ObTape. *Id.* The Bergins did not file their action until 2013, so their claims were barred under Texas's two-year statute of limitations for personal injury claims. *Id.*

The Bergins filed a motion for reconsideration. They assert that the Court should have concluded that the Texas

statute of limitations was tolled until the Bergins knew or should have known that Mrs. Bergin's injuries may have been caused by a *defect* in ObTape.  The Bergins made this exact argument in opposition to summary judgment.  The Court rejected it then, concluding that Texas law only requires a discoverable connection between the plaintiff's injury and the defendant's product and does not require knowledge that the manufacturer committed a wrongful act.

The Bergins argue that this Court's rationale in *In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 711 F. Supp. 2d 1348, 1379-80 (M.D. Ga. 2010), a case decided under Georgia law, applies here.  But the timeliness of the Bergins' action must be decided under Texas law, not under Georgia law.  The Court acknowledges that the facts in the Georgia case are difficult to distinguish from those presented here.  But the law is different.  In the Georgia case, this Court was duty-bound to follow Eleventh Circuit precedent, including *Welch v. Celotex Corp.*, 951 F.2d 1235, 1236 (11th Cir. 1992).  In *Welch*, the Eleventh Circuit explained that "the Georgia courts have held that limitations begin to run only when the plaintiff knows, or through the use of reasonable diligence should have discovered, two distinct facts: 'the nature of his injury . . . [and] the causal connection between the injury and the *alleged negligent conduct* of appellee."

2

*Welch*, 951 F.2d at 1236 (emphasis added) (alteration in original) (quoting *King v. Seitzingers, Inc.*, 160 Ga. App. 318, 319 287 S.E.2d 252, 255 (1981)). Based on this principle of Georgia law, the Eleventh Circuit in *Welch* reversed summary judgment that had been rendered by the district court in favor of the defendant on statute of limitations grounds. The Eleventh Circuit concluded that a genuine factual dispute existed as to whether the plaintiff knew or should have known that "his alleged injury was the product of the *wrongful conduct* of any [defendant]." *Id.* at 1238 (emphasis added). Throughout its analysis, the Eleventh Circuit tied the accrual of the claim and thus the running of the statute of limitations to the plaintiff's knowledge of the "wrongful conduct" of the defendant, emphasizing that a reasonable factfinder could conclude that the plaintiff "did not know of any wrongful conduct of any [defendant] before consulting with his present attorney." *Id.* Applying the Eleventh Circuit's interpretation of Georgia statute of limitations principles from *Welch,* this Court has held in previous cases, including the one now relied on by the Bergins, that the Georgia statute of limitations begins to run when the plaintiff knew, or with reasonable diligence should have known, of facts giving notice of an actionable claim, i.e., a causal connection between plaintiff's injuries and wrongful or actionable conduct. In summary, *Welch*

3

required knowledge of some connection between the plaintiff's injuries and some type of wrongful or actionable conduct by the defendant. That connection distinguishes Georgia's statute of limitations, as interpreted by the Eleventh Circuit in *Welch,* from many around the country, including Texas's, which tie the statute of limitations in the products liability context to knowledge of a causal connection between the plaintiff's injuries and the allegedly defective product—not the plaintiff's injuries and the defendant's wrongful or actionable conduct.[1]

In contrast, as this Court explained in its original order granting summary judgment against the Bergins, the Texas courts do not tie the accrual of a product liability action under the Texas statute of limitations to "wrongful acts" of a product liability defendant. *Bergin*, 2016 WL 1493534, at *4. Admittedly, language in some Texas cases coupled with a superficial analysis of that language could lead to confusion. Some Texas courts have stated generally that "discovering the 'nature of the injury' requires knowledge of the wrongful act and the resulting injury." *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 5 (Tex. 1996)). A zealous advocate cannot be faulted for latching on to the phrase "wrongful act" in crafting an argument that Texas law

---

[1] An argument could be made that the Eleventh Circuit got it wrong in *Welch*, but this Court does not have the constitutional authority to go down that road.

4

is the same as Georgia law on this issue. But a more thorough analysis of Texas law, including a closely analogous decision by the Fifth Circuit Court of Appeals, requires rejection of this argument.

The Texas "wrongful act" language appears to have evolved at least in part from medical malpractice cases, where the doctor must commit a "wrongful act" to be liable. *Id.* at 36 (citing sexual abuse case *S.V.*, 933 S.W.2d at 1 for "wrongful act" language, which in turn cites medical malpractice case *Gaddis v. Smith*, 417 S.W.2d 577 (Tex. 1967)). But in product liability cases, including *Childs* and the product liability cases cited in *Childs*, the *holdings* of the cases establish that the cause of action accrues when the plaintiff knows of a connection between her injuries *and the defendant's product*. *See id.*, 974 S.W.2d at 46 (finding a jury question on when plaintiff Haussecker's claims accrued because of a genuine fact dispute regarding when he knew or should have known of "a likely causal connection between his symptoms and his occupational exposure" to silica); *id.* at 47 (finding a jury question on plaintiff Martinez's claims because of a fact question on when he knew or should have known "that his injury was likely work-related"); *Glasscock v. Armstrong Cork Co.*, 946 F.2d 1085, 1092 (5th Cir. 1991) (cited with approval in *Childs*) (applying Texas law and finding jury question on when the plaintiff's claims

5

accrued because of a genuine fact dispute on when he knew he had asbestosis caused by asbestos exposure); *Mann v. A.H. Robins Co.*, 741 F.2d 79, 81 (5th Cir. 1984) (cited with approval in *Childs*) (applying Texas law and remanding for determination of when the plaintiff knew or reasonably should have known that her medical condition was causally related to the defendant's product).

In the Texas product liability cases, there is no suggestion that the cause of action does not accrue until the plaintiff knows or should have known of a connection between the plaintiffs' product and any "wrongful acts" by the defendants. Rather, the cause of action accrues when the plaintiff knows of a connection between her injuries and the defendant's product. The Fifth Circuit made this clear in a case closely analogous to the present one. *See Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999) (per curiam) (applying Texas law and concluding that the plaintiff's product liability claim accrued when the plaintiff "had knowledge that her physical problems were associated with" her surgical mesh). Under Texas law, when a plaintiff learns of that connection, the plaintiff has until the statute of limitations expires to connect her injury to conduct of a defendant that gives rise to an actionable claim. *Id.*

The Bergins remain unable to point the Court to any holding of a Texas court supporting their argument that the statute of limitations does not accrue in a personal injury *product liability action* under Texas law until a plaintiff has knowledge that the product is defective or the manufacturer committed a wrongful act. As this Court correctly found in its previous order that the Bergins urge it to reconsider, Texas law provides that the statute of limitations for the Bergins' claims began to run when they knew, or should have known, of a causal connection between Mrs. Bergin's injuries and the product. Since the Bergins filed their action too late, summary judgment was appropriate. Accordingly, the Bergins' motion for reconsideration (ECF Nos. 46 & 47 in 4:13-cv-135) is denied.

IT IS SO ORDERED, this 27th day of May, 2016.

        S/Clay D. Land
        CLAY D. LAND
        CHIEF U.S. DISTRICT COURT JUDGE
        MIDDLE DISTRICT OF GEORGIA